Filed 12/15/21  P. v. Bautista CA4/3
Opinion following rehearing

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br> v.<br><br>HECTOR ACOSTA BAUTISTA,<br><br> Defendant and Appellant. | G059737<br><br>(Super. Ct. No. 06WF2923)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Joanna Rehm, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Hector Acosta Bautista appeals an order summarily denying his petition for resentencing under Penal Code section 1170.95.[1]  The appeal started out as a standard *Wende* appeal in which defense counsel declared she was unable to find any arguable issues to raise on behalf of appellant.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  However, after we issued our opinion affirming the trial court's denial order, the Supreme Court handed down its decision in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), which clarified the procedures for adjudicating a petition for resentencing under section 1170.95.  In light of *Lewis*, we granted appellant's petition for rehearing and directed the parties to file supplemental briefing on that decision.  Having considered the parties' briefing, and having reviewed the record as required under *Wende*, we conclude there is no arguable basis for disturbing the trial court's ruling.  Accordingly, we affirm its order denying appellant's resentencing petition.

## FACTUAL AND PROCEDURAL BACKGROUND

In an incident resulting from an earlier humiliation of his gang, appellant went with other gang members on a face-saving mission which resulted in one of his confederates firing two shots intended to hit people involved in the earlier incident.  Appellant admitted he knew that with a gun being taken for retaliation there was a chance someone could be killed, and he was there for backup.  He also admitted he helped dispose of the gun later on.

Appellant was originally charged with two counts of attempted murder, shooting at an inhabited dwelling, and street terrorism.  However, on the eve of trial, the prosecution amended the information to instead charge two counts of aggravated assault, street terrorism, and conspiracy to commit murder.  The jury convicted appellant of all four charges.  It also found true allegations a principal intentionally discharged a firearm

---

[1]  All further statutory references are to the Penal Code.

during the crimes, and they were committed for the benefit of a criminal street gang. The trial court sentenced appellant to 55 years to life in prison for his crimes.

On appeal, we affirmed appellant's convictions. (See *People v. Bautista* (Jan. 5, 2012, G044045) [nonpub. opn.].) Eight years later, appellant petitioned for resentencing pursuant to section 1170.95 and requested the appointment of counsel to assist him in the petition. However, the trial court made its ruling without appointing counsel or conducting a hearing. Based on its independent review of the record of conviction, the court determined appellant failed to make a prima facie showing for relief because he was not convicted of murder, nor was he prosecuted under the felony murder rule or the natural and probable consequences doctrine. Therefore, the court summarily denied his petition for relief.

Appellant appealed, and we appointed counsel to represent him. Counsel filed a *Wende* brief which set forth the facts of the case and its procedural history. Counsel did not argue against appellant but advised us she was unable to find issues in the case that had any chance of success. We invited appellant to file a supplemental brief on his own behalf, and he did.

Appellant argued that even though section 1170.95 does not expressly apply to defendants who were convicted of conspiracy to commit murder, he is entitled to relief under that section because he did not intend to kill, he was not the actual shooter, and no one was actually killed as a result of the crimes that he and his fellow gang members carried out.

In his supplemental brief, appellant also contended he received ineffective assistance of counsel at his trial because his attorney failed to challenge the admission of his statements under *Miranda* (*Miranda v. Arizona* (1966) 384 U.S. 436) (after losing such a motion at the preliminary hearing) and failed to object to the day-of-trial amendment of the information in his case.

In our original opinion, we rejected appellant's arguments and found no arguable basis to disturb the trial court's order denying his petition for resentencing. But while appellant's petition for rehearing was pending, the Supreme Court issued its opinion in *Lewis*. We then granted rehearing to consider the effect of *Lewis* on appellant's case. Having reviewed the parties' supplemental briefing on that issue, we find no basis to disturb the trial court's denial order.

DISCUSSION

*The Statutory Framework*

In 2018, the Legislature enacted Senate Bill No. 1437 (SB 1437), which restricted the scope of vicarious liability for the crime of murder in two ways. First, the law eliminated the natural and probable consequences theory of aiding and abetting. (§ 188, subd. (a)(3) [except when the felony murder rule applies, malice shall not be imputed based solely on a person's participation in a crime].) Second, SB 1437 narrowed the circumstances under which a defendant can be convicted of felony murder. (§ 189, subd. (e) [if the defendant did not personally kill the victim or aid and abet the killing, the felony murder rule applies only if he was a major participant in the underlying felony and acted with reckless indifference to human life].)

SB 1437 also created section 1170.95, which is the procedural mechanism for challenging a murder conviction based on vicarious liability. To obtain relief under that section, the defendant must show he was convicted of murder under the felony murder rule or the natural and probable consequences doctrine, and he would not be liable for murder today because of SB 1437's redefinition of that offense. (§ 1170.95, subd. (a).)

If the defendant makes a prima facie showing to that effect, the trial court is required to issue an order to show and conduct an evidentiary hearing. (§ 1170.95, subd. (c).) At the hearing, the prosecution must prove beyond a reasonable doubt the defendant is ineligible for resentencing because his conduct did in fact rise to the level of murder as

4

redefined by SB 1437. (*Id*., subd. (d)(3).) Otherwise, the defendant is entitled to vacatur and resentencing pursuant to the terms of section 1170.95.

*The Lewis Decision*

In *Lewis*, the Supreme Court ruled that when the petitioner requests an attorney in conjunction with a facially sufficient petition for resentencing, the trial court must allow input from counsel before considering whether the petitioner established a prima facie case for relief. (*Lewis, supra*, 11 Cal.5th at pp. 961-970.) However, the failure to appoint counsel is not reversible per se. Rather, "a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."' [Citation.]" (*Id*. at p. 974.)

Beyond addressing the right to counsel, *Lewis* ruled the trial court may rely on the record of conviction in deciding whether the petitioner has made a prima facie showing for relief. (*Lewis, supra*, 11 Cal.5th at pp. 970-972.) That doesn't mean the trial court assumes a factfinding role in the proceedings. Indeed, *Lewis* emphasized the trial court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id*. at p. 972.) However, if the record of conviction demonstrates the petitioner is ineligible for relief as a matter of law, the trial court may deny his petition for resentencing without issuing an order to show cause and conducting an evidentiary hearing. (*Id*. at p. 971.)

*Appellant's Petition*

In his supplemental briefing, appellant admits he was not convicted of murder, but of conspiracy to commit murder. Nevertheless, he claims he should be deemed to be within the spirit of section 1170.95 because his involvement in the underlying shooting was minimal, and the jury was not required to find he possessed the intent to kill. The record belies these claims.

5

While it is true appellant did not personally carry out the shooting in this case, he accompanied his fellow gang members to the scene for backup knowing they had a gun and someone could get killed. He also disposed of the gun later on, dispelling the notion his involvement in the shooting was de minimis.

The more problematic aspect of the case for appellant is that he was not convicted of murder, but of conspiracy to commit murder. "Criminal conspiracy is an offense distinct from the actual commission of a criminal offense that is the object of the conspiracy. [Citations.]" (*People v. Morante* (1999) 20 Cal.4th 403, 416, fn. omitted.) This is important because, by its terms, section 1170.95 only applies if the defendant was convicted of murder. (§ 1170.95, subd. (a).) Because appellant was convicted of the separate and distinct offense of conspiracy to commit murder, he does not come within the scope of the statute. (See *People v. Medrano* (2021) 68 Cal.App.5th 177, 182 [defendant convicted of conspiracy to commit murder was legally ineligible for relief under section 1170.95]; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 918 ["By its plain language, section 1170.95 . . . makes resentencing relief available only to qualifying persons convicted of murder."]; *People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983 ["[T]he relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions . . . ."]; *People v. Dennis* (2020) 47 Cal.App.5th 838, 841, review granted July 29, 2020, S262184 [section 1170.95 only reaches the crime of murder]; *People v. Love* (2020) 55 Cal.App.5th 273, 286, review granted Dec. 16, 2020, S265445 ["In our view, Senate Bill 1437's legislative history pretty clearly establishes that its amendments apply to the crime of murder and to that crime alone."].)[2]

---

[2] Section 1170.95 was recently amended to include defendants who were convicted of attempted murder, voluntary manslaughter and any theory of murder in which malice is imputed to the defendant by virtue of his involvement in a crime. (See Sen. Bill No. 775, Stats. 2021, ch. 551.) However, that amendment, which goes into effect on January 1, 2022, does not assist appellant because he was not convicted of any of those offenses. It seems to us unlikely the Legislature *overlooked* conspiracy to murder in its reconsideration of the offenses to be covered by section 1170.95. They appear rather to have made a decision to exclude it.

Besides the plain wording of the statute, there is good reason for finding appellant ineligible for resentencing. Section 1170.95 was intended to apply to defendants who lacked the intent to kill but were nonetheless convicted of murder based on principles of vicarious liability embedded in the felony murder rule and the natural and probable consequences doctrine. However, the crime of conspiracy to commit murder *requires the express intent to kill.* (*People v. Medrano, supra*, 68 Cal.App.5th at p. 183.) And in convicting appellant of that offense, the jury necessarily determined he harbored such intent.

How do we know that? In instructing the jury on the elements of conspiracy to commit murder, the trial court said the prosecution must prove "the defendant *and* one or more of the alleged members of the conspiracy intended that one or more of them would intentionally and unlawfully kill." (Italics added.) This proves appellant's culpability rested on his own malicious intent and that it was not based on principles of vicarious liability. In fact, as the trial court correctly pointed out in denying appellant's resentencing petition, the jury was not even instructed on the felony murder rule or the natural and probable consequences doctrine. Appellant is not eligible for relief under section 1170.95.

Therefore, it is immaterial that the trial court failed to appoint appellant counsel in conjunction with his request for resentencing. Because it is not reasonably likely he would have obtained a better result had he been provided an attorney, there is no basis for disturbing the trial court's denial order.

*Appellant's Remaining Claims*

Appellant's complaints about his trial attorney's failure to make a *Miranda* motion or challenge the amended information can be dealt with summarily. We ruled against him on the admissibility of his statements when he appealed his conviction in 2012. And any complaint about inadequacy of counsel pertaining to the amendment of the information was not before the court on his motion for resentencing. It would have to

7

be raised by writ of habeas corpus, but is barred because it was not raised in his original appeal and cannot be said to be newly discovered.

DISPOSITION

The order denying appellant's petition for resentencing is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.